UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON O. MURPHY, SR., d/b/a SHEETMETAL & ASSOCIATES,<br><br>Plaintiff,<br><br>v.<br><br>OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION,<br><br>Defendant. | No. 2:21–cv–0398–JAM–CKD PS<br><br>ORDER & FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1, 2) |

Plaintiff, who is proceeding without counsel in this action, has requested leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of his request to proceed IFP makes the required financial showing. Accordingly, the court grants plaintiff's request to proceed IFP.

The determination that a plaintiff may proceed IFP does not complete the required inquiry, however. Pursuant to the IFP statute, federal courts must screen IFP complaints and dismiss the case if the action is "frivolous or malicious," "fails to state a claim on which relief

////

////

---

[1] This action proceeds before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

1

1 may be granted," or seeks monetary relief against an immune defendant.  28 U.S.C.

2 § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

3 ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint

4 that fails to state a claim.").

5 **SCREENING STANDARD**

6 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

7 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

8 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

9 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

10 490 U.S. at 327.

11 To avoid dismissal for failure to state a claim, a complaint must contain more than "naked

12 assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of

13 action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

14 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

15 statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, relief

16 cannot be granted for a claim that lacks facial plausibility.  Twombly, 550 U.S. at 570.  "A claim

17 has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

18 reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at

19 678.  When considering whether a complaint states a claim upon which relief can be granted, the

20 court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94

21 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v.

22 Allain, 478 U.S. 265, 283 (1986).

23 In addition, the court must dismiss a case if, at any time, it determines that it lacks subject

24 matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  A federal district court generally has jurisdiction

25 over a civil action when (1) a federal question is presented in an action "arising under the

26 Constitution, laws, or treaties of the United States" or (2) there is complete diversity of

27 ////

28 ////

citizenship between the parties and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

Pleadings by self-represented litigants are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a self-represented plaintiff proceeding IFP is ordinarily entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez, 203 F.3d 1122; Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).  Nevertheless, leave to amend need not be granted when further amendment would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

**THE COMPLAINT**

This is the eleventh lawsuit plaintiff has filed in this court since February 2020.[2]  The present complaint follows the same form as each of plaintiff's prior complaints, all of which were also filed IFP.  As in many of his earlier suits, plaintiff styles his complaint as brought by "[himself] dba. Sheetmetal & Associates."  (ECF No. 1 at 1.)  Plaintiff lists four purported causes of action that have been repeated across most of his prior actions:  "Injury/Illness," "Negligence – Tort," "Assault – Covert Method," and "Breach of Contract."  (Id. at 2.)  Plaintiff's brief allegations for each claim are vague and conclusory, but all seem to be challenging defendant Occupational Safety and Health Administration's ("OSHA") failure to address plaintiff's report of allegedly dangerous conditions at a work site.  Plaintiff states that in February 2021 he faxed documents to OSHA that "a construction company" was conducting "dangerous construction work" near gas pipe lines, and OSHA did not contact him within 72 hours.  (Id.)  Plaintiff asserts that his legal document company, Sheetmetal & Associates, "was hindered" by OSHA's failure to

////

---

[2] Plaintiff filed another suit (his twelfth) concurrently with this one, which has been assigned to the same Magistrate Judge and District Judge as the instant action.  Murphy v. First Republic Bank, N.A., No. 2:21-cv-00399-JAM-CKD (E.D. Cal. Mar. 4, 2021).  The undersigned is also recommending that that action be dismissed without leave to amend.

properly enforce the law.³ (Id.) He seeks over $3 million in damages. (Id. at 3.)

**ANALYSIS**

Unlike all but one of plaintiff's prior complaints, plaintiff brings this action against an agency of the United States—OSHA—as the sole defendant. Claims against the United States and its agencies are generally barred by the doctrine of sovereign immunity. See Sierra Club v. Whitman, 268 F.3d 898, 901 (9th Cir. 2001). A lawsuit against an agency of the United States is considered an action against the United States. See id.; Balser v. Dep't of Justice, Office of U.S. Tr., 327 F.3d 903, 907 (9th Cir. 2003) (holding that sovereign immunity protects the Department of Justice). As a sovereign, the United States is immune from suit unless it has waived immunity. United States v. Mitchell, 463 U.S. 206, 212 (1983).

The Federal Tort Claims Act ("FTCA") provides a limited waiver of the government's sovereign immunity for certain tort claims "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). As a jurisdictional prerequisite, however, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. McNeil v. United States, 508 U.S. 106, 113 (1993). Pursuant to 28 U.S.C. § 2675(a), an action shall not be instituted upon a claim against the United States for money damages for an employee's negligence unless the claimant has first presented the claim to the appropriate federal agency and his claim was finally denied by the agency in writing and sent by certified or registered mail. 28 U.S.C. § 2675(a). A lawsuit filed prior to the exhaustion of a claimant's administrative claim is premature and must be dismissed. McNeil, 508 U.S. at 113.

Plaintiff does not state anywhere in the complaint that he is proceeding under the FTCA. Nor does plaintiff allege that he has exhausted available administrative remedies so as to bring a claim under the FTCA. Accordingly, this court lacks subject matter jurisdiction over plaintiff's

////

---

³ As plaintiff has also been cautioned on several occasions, he cannot represent his company because he is not an attorney. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (the right to represent oneself is personal to the plaintiff and does not extend to other parties); Murphy v. Colony Ins. Co., No. 2:20-cv-00303-JAM-CKD (ECF No. 3 at 3).

purported claims against OSHA.

Moreover, even assuming plaintiff had first presented an administrative claim to OSHA, plaintiff's allegations do not give rise to any known legal claim against the agency. OSHA cannot be held liable for failing to respond to a report of unsafe work conditions—especially one made by a third-party who is not an employee at such work site. See United Scottish Ins. Co. v. United States, 614 F.2d 188, 195 (9th Cir. 1979) ("[T]he mere provision for government safety inspections, or the ability to stop an activity for failure to comply with safety standards, does not impose liability on the government for failure to do so." (quoting Thompson v. United States, 592 F.2d 1104, 1110 (9th Cir. 1979)). OSHA regulations apply to employers, who can be liable for violating those regulations; but OSHA itself is not liable for not *preventing* the violation—nor is the agency under any affirmative obligation to enforce its regulations, or respond to all citizen complaints.

Given that the court can see no way for plaintiff to establish this court's subject matter jurisdiction over claims based on OSHA's failure to respond, the undersigned recommends that this action be dismissed without leave to amend. Cahill, 80 F.3d at 339.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

**RECOMMENDATIONS**

In addition, IT IS HEREBY RECOMMENDED that:

1. The action be DISMISSED without prejudice and without leave to amend; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate

////

////

Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: April 5, 2021

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19, murp.0398